PFEIFER, Respondent, v. SHEEHAN et al, Appellants.

(216 N. W. 349.)

(File No. 6146.    Opinion filed November 30, 1927.)

1. **Judgment—Seller Suing For and Recovering Damages for Alleged Nonperformance of Any Conditions of Contract Cannot Sue for Amount of Certificate of Deposit Deposited as Earnest Money.**

    Seller, asking and recovering damages for breach of contract, in action where complaint alleged buyer's failure to perform any conditions of contract, thereby electing not to treat buyer's deposit of certificate of deposit as compliance with condition as to deposit of earnest money, is precluded from suing for amount thereof.

2. **Judgment—Seller Held Estopped by Verdict and Judgment for Him in Action for Breach of Contract to Sue for Earnest Money Deposited.**

    Seller, electing remedy by suing for breach of contract, and alleging buyer's failure to perform any conditions thereof, is estopped by verdict and judgment thereon in his favor to sue for amount of certificate of deposit deposited as earnest money pursuant to condition in contract.

3. **Judgment—One Obtaining Judgment by Pleading Act in One Aspect Cannot Give It Different Character in Subsequent Suit.**

    One who obtains or defeats a judgment by pleading or representing an act in one aspect will be precluded from giving it a different and inconsistent character in a subsequent suit on the same subject.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Judgments, Key-No. 587, 34 C. J. Sec. 1232; (2), 34 C. J. Sec. 1235; (3), 34 C. J. Sec. 1227.

Judgment as estoppel in second cause of action on different claim, see 15 R. C. L. pp. 953, 973; 3 R. C. L. Supp. 512; 4 R. C. L. Supp. 1027; 6 R. C. L. Supp. 940.

On right of party representing act in one aspect and adopting inconsistent character in subsequent suit upon the same subject, see 15 R. C. L. 958; 3 R. C. L. Supp. 510.

Appeal from Circuit Court, Grant County; Hon. J. J. BAT-TERTON, Judge.

Action by O. A. Pfeifer against J. J. Sheehan and another. From a judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed.

*Thad L. Fuller,* of Aberdeen, and *Howard Babcock,* of Sisseton, for Appellants.

*J. J. Eisenmenger,* of Milbank, and *Carl J. Eastvold,* of Ortonville, Minn., for Respondent.

MISER, C. This is an action by respondent against appellants to recover $500 claimed to have been deposited in appellant bank by appellant Sheehan as earnest money on a contract to purchase a harness stock from respondent. In their answer, appellants alleged, among other defenses, that respondent had previously brought suit against appellant Sheehan for damages growing out of a breach of the same contract; that a trial had been had on the merits, and respondent had recovered damages in the former action, and thereby all rights of the parties had been adjudicated. In the case at bar, a trial was had upon the merits before the court without a jury, and resulted in findings and judgment in favor of respondent for $500 and interest. This appeal is from the judgment and order denying a motion for a new trial.

The contract in question, pleaded in the complaint in this as well as the former action, may be summarized thus:

"In consideration of an agreed invoice price of the stock now owned by Pfeifer, he agrees to sell, and the Sheehan Saddlery Company to buy, said stock, and the good will of the business, both parties to be represented by an experienced harness man whose duty it should be to take an invoice of the stock. The price agreed upon is the invoice price of stock as above stated; and the Sheehan Saddlery Company hereby agrees to deposit $500 as earnest money in the First National Bank of Milbank, the balance to be paid in cash when invoice is completed."

It was alleged in the complaint in the case at bar that the defendant J. J. Sheehan, sole trader under the style of Sheehan

Saddlery Company, failed to procure an experienced harness man to represent him in taking invoice; but that, at the time the agreement was made, the defendant Sheehan Saddlery Company, by J. D. Sheehan, deposited as earnest money with the First National Bank, Milbank, S. D., a certificate of deposit given by the Merchants' National Bank, payable to Sheehan Saddlery Company, for the sum of $500, which was to be held in escrow for the plaintiff, and to be paid over to the plaintiff as part of the purchase price, and as a first payment of the purchase price; that, though due demand has been made on each of the defendants for the payment over to the plaintiff of the said $500 earnest money, the demand has never been complied with.

The proof shows that, prior to the beginning of this action, in an action brought by the same plaintiff against J. J. Sheehan and J. D. Sheehan, copartners as Sheehan Saddlery Company, the complaint, which set forth the contract in full, alleged that, by reason of the failure of the defendants to perform their contract, plaintiff had been damaged in the sum of $2,100. In each of the separate answers of J. D. Sheehan and J. J. Sheehan it was alleged that, after the making of the contract, plaintiff abandoned the same. At the trial of the former action by a jury, the plaintiff recovered damages in the sum of $1.

Respondent contends that, while in the former action he asked damages by reason of the buyer's breach of the contract to pay, in the case at bar, the $500 had already been paid to appellant bank as earnest money, and that he was not thereby estopped by the judgment in the former action from recovering in the case at bar.

[1] Had the plaintiff, in his first action, alleged damages amounting in the aggregate to $2,100, credited defendants thereon with $500 and prayed for damages for $1,600, a verdict and judgment in his favor, whether for $1 or $1,600, would present a different question of estoppel than is now presented. On the contrary, in his complaint in his first action, he alleged that "defendants have failed and refused to perform any of the conditions of said contract upon their part to be performed," and "that, by reason of the failure and refusal of said defendants so to perform said contract upon their part, the plaintiff has been damaged in the sum of $2,100," for which he prayed judgment. Even the most

casual reading of the complaint in the first action leaves no doubt that respondent then regarded the $500 certificate of deposit, not as his property, but as the property of Sheehan Saddlery Company. Indeed, had respondent, in his first action, recovered damages as prayed for in the sum of $2,100 instead of in the sum of $1, as determined by the jury, he would now have judgments aggregating $2,600 for detriment alleged by himself at $2,100. Therefore it is not necessary to decide whether the leaving of the certificate of deposit with appellant bank was a deposit in escrow or a payment of earnest money; nor is it necessary to decide whether the two actions are based upon the same or different claims or demands, according to the rule of Cromwell v. Sac County, 94 U. S. 351, 24 L. ed. 195. Here it is apparent that, even if plaintiff did have prior to his first action, the right to bring the present action in its present form, when he brought his first action, he elected by his pleadings not to treat the deposit of the certificate as compliance with the conditions of the contract, and he chose the remedy of an action for damages for breach of contract. Having chosen this remedy in which he asked, and—we must presume from the verdict—received damages for breach of contract, he is now precluded from resorting to any other remedy. 34 C. J. 813, § 1232, Judgments.

[2] Furthermore, the verdict in his first action determined in his favor his contentions that defendants "have failed and refused to perform any of the conditions of said contract," among which conditions was one whereby defendant therein agreed "to deposit $500 as earnest money in the First National Bank of Milbank," appellant herein. Mr. Justice Field, in Cromwell v. County of Sac, supra, quotes Lord Ellenborough in Outram v. Morewood, 3 East, 346, as follows:

"It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel." See, also, 15 R. C. L. 953.

Respondent, having in his former action elected his remedy, and made allegations upon which to base his claim, is now estopped by the verdict therein and the judgment thereon.

[3] "A man who obtains or defeats a judgment by pleading or representing an act in one aspect will be precluded from giving it a different and inconsistent character in a subsequent suit upon

the same subject." 15 R. C. L. 958; Moser v. Philadelphia, etc., R. Co., 233 Pa. 259, 82 A. 362, 40 L. R. A. (N. S.) 519.

"If the right to shift grounds and adopt inconsistent positions were permissible, there would be no end of litigation, for with every defeat a party might change his ground, mend his hold, and proceed indefinitely." 15 R. C. L. 958; Snouffer v. Tipton, 150 Iowa 73, 129 N. W. 345, Ann. Cas. 1912D, 414.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., disqualified and not sitting.

GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.